STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                        STATE OF MAINE            Docket No. CV-15-165
                  Cumberland, ss. Clerk's Office

MICHAEL HAMLIN,                          JUN 17 2015

            Plaintiff              RECEIVED

v.                                                APPLICATION TO PROCEED
                                                  WITHOUT PAYMENT OF FEES
DOWNEASTER MOTEL,
et al.,

            Defendants

Background

        Since 2004, Mr. Hamlin has filed seventeen lawsuits against thirty-eight

defendants and four parties in interest as follows:

    1. In CV-04-559, Mr. Hamlin filed a notice of claim against Prison Health

        Services and Celia Englander for medical malpractice. This case was

        dismissed pursuant to Rule 41(b) on 1/6/07;

    2. In CV-05-401, Mr. Hamlin filed a complaint against Pine State Vending

        Co. and its president and alleged a violation of the Unfair Trade

        Practices Act, extortion, monopolizing, consumer protection, and

        emotional distress. This case was removed to the United States District

        Court on 9/30/05;

    3. In CV-05-231, Mr. Hamlin and Judith Hamlin filed a complaint

        against Paul Bowen and Margaret Bowen and alleged breach of

        contract. This case was dismissed on plaintiffs' motion on 10/7/10;

    4. In CV-10-252, Mr. Hamlin filed a complaint against Pharos House and

        its director and alleged breach of residential agreement, liberty

interest, loss of business, and loss of inventory. A stipulation of dismissal was filed in this case on 10/29/10.

5. In CV-10-287, Mr. Hamlin filed a complaint against Mary Thompson and alleged breach of contract. This case was dismissed for failure to pay filing fee on 7/13/10.

6. In CV-13-464, Mr. Hamlin filed a complaint against Warren Hyman and alleged unauthorized use of plaintiff's registration, breach of contract, and theft and theft by deception. This case is pending.

7. In CV-13-472, Mr. Hamlin filed a complaint against DRE Management and its president and alleged negligence and personal injury. A stipulation of dismissal was filed in this case on 6/20/14.

8. In CV-14-020, Mr. Hamlin filed a complaint against Anthony Sineni and Caleb Ganon and alleged negligence, fraud, ineffective assistance of counsel, attorney misconduct and negligent misrepresentation, breach of contract, fraudulent concealment, breach of fiduciary duty owed, breach of implied covenant of good faith and fair dealings, and unjust enrichment. A stipulation of dismissal was filed in this case on 8/18/14.

9. In CV-14-021, Mr. Hamlin filed a complaint against Jeffery LaPointe and alleged fraud and breach of trust. This case was dismissed on plaintiff's motion on 4/24/14.

10. In CV-14-089, M. Hamlin filed a complaint against DRE Management and Ronald Dubois and alleged unpaid wages and overtime compensation. A stipulation of dismissal was filed in this case on 6/6/14.

11. In CV-15-032, Mr. Hamlin filed a complaint against GEICO Indemnity Co., its president, and Sarah Grzyeowski, its agent, and alleged breach of contract. This case is pending.

12. In CV-15-081, Mr. Hamlin filed a complaint against Gateway Properties, LLC and alleged unjust enrichment and quantum meruit. This case is pending.

13. In CV-15-092, Mr. Hamlin filed a complaint against H & L Incorporated and alleged property negligence, personal injury, and infliction of emotional distress. This case is pending.

14. In CV-15-100, Mr. Hamlin filed a complaint against Maine Motel, Preston Cooper, and Betsy Foster and alleged conspiracy/assault and battery/robbery and theft and reckless endangerment/unsafe environment. This case is pending.

15. In CV-15-128, Mr. Hamlin filed a complaint against B & B Towing/Gateway, LLC and alleged misplaced, lost or stolen items from plaintiff's car while in custody and care of defendants. This case is pending.

16. In CV-15-165, Mr. Hamlin filed a complaint Downeaster Motel, Port Properties, Wal-Mart, Save-A-Lot, Hannaford's Supermarket, McDonalds, Dollar Store, Cumberland Farms, Rite Aid, Shaw's Supermarket, and Rent-A-Center and alleged violation of equal protection of law, due process, and discrimination against Downeaster Motel, violation of equal protection and discrimination against Port Properties, and unlawful employment discrimination and unequal protection against the remaining defendants. This case is pending.

17. In CV-15-258, Mr. Hamlin filed a complaint against District Attorney Stephanie Andersen as defendant and Maine Department of Corrections, Commissioner Joseph Fitzpatrick, Maine Correctional Center, and Warden Scott Landry as parties in interest. This case is pending.

According to the allegations in the complaints, Mr. Hamlin was incarcerated at the time of the filing of sixteen of these lawsuits. When he filed the complaint in CV-15-032, he was living in homeless shelters.

In each lawsuit, Mr. Hamlin filed an application to proceed without payment of fees. In CV-15-165, Mr. Hamlin also requests that service fees be paid without first attempting service by mail because "MCC will not photo-copy or pay for defendant's copy to be sent if the envelope consists of more than one (1) ounce in weight and plaintiff's complaint exceeds the postage weight." MCC states this assertion is not accurate. Finally, Mr. Hamlin requests the court supply at no cost to him court forms available to the public for a fee only.

Discussion

Rule 91 provides the complaint and motion filing fees may be waived upon a finding by the court that the action or motion is not frivolous, has been brought in good faith, and the plaintiff is without sufficient funds to pay the fees. M.R. Civ. P. 91(b) & (d). The rule provides that service costs may be paid as an administrative expense upon a finding that the action is filed, or motion brought, in good faith and the plaintiff is without sufficient funds. Service costs will be paid only after plaintiff certifies he has attempted unsuccessfully to accomplish service by agreement or in a manner that does not require payment of costs, except postage. M.R. Civ. P. 91(c). The application to proceed without payment

4

of fees court form also provides that the mediation and jury fees may be waived upon a finding the applicant is proceeding in good faith and is without sufficient funds to pay certain fees and costs. Neither the rule nor the form provides for waiver of payment for court forms, such as summonses.

The Maine Law Court has addressed the issue of denying a Rule 91 petition based on a frivolous complaint. See, e.g., Fleming v. Dep't of Corr., 2006 ME 23, ¶ 1, 892 A.2d 1161. The Law Court has also approved enjoining a party from filing frivolous and vexatious lawsuits. Spickler v. Key Bank of S. Me., 618 A.2d 204, 207 (Me. 1992).

The United States Supreme Court has determined the federal in forma pauperis statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Federal courts are authorized "to dismiss a claim filed in forma pauperis if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious" because "Congress recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Id. (quotation marks omitted); see Hattie v. Andrews, 1998 Ohio App. LEXIS 2144, at *3 (May 14, 1998).

A Nebraska statute permits a judge to object to an application to proceed in forma pauperis "on the grounds that the applicant is asserting legal positions which are frivolous or malicious." Lenz v. Hicks, 824 N.W.2d 769, 771 (Neb. Ct. App. 2012). "The definition of a 'malicious' action is not well settled; however, the decisions which have addressed the issue show that it is appropriate to

5

consider the number and kinds of cases instituted, and the extent to which the conduct of the litigant constitutes an abuse of the judicial process." Id.

Mr. Hamlin has asked the public to assume the cost of seventeen lawsuits. His history of litigation in Cumberland County, including filing seven lawsuits during the first 159 days of 2015, constitutes the type of repetitive lawsuits Congress anticipated in authorizing a dismissal of a claim filed in forma pauperis. This history of litigation constitutes an abuse of the judicial process and the court's limited resources.

Further, in this complaint, Mr. Hamlin alleges violation of equal protection and due process by private actors. See Holland v. Sebunya, 2000 ME 160, ¶ 11, 759 A.2d 205. He also seeks compensatory and punitive damages based on alleged discrimination but does not allege he filed a complaint with the Maine Human Rights Commission. See 5 M.R.S. § 4622(1) (2014); 5 M.R.S. § 4613 (2014). It appears likely that most, if not all, of the eleven defendants in this complaint would require representation by an attorney. See 4 M.R.S. § 807(3)(C) & (J) (2014).

The entry is

> Michael Hamlin's application to proceed without payment of fees is DENIED. If the filing fee is not paid within twenty days of the date of this order, this action is dismissed without prejudice.

Date: June 17, 2015

Nancy Mills
Justice, Superior Court

6